IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NANYA M. ZODOQ-EL | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs | ) | Case No. CIV-08-321-R |
| | ) | |
| BILL WINCHESTER, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER

Before the Court are the Report and Recommendation of United States Magistrate Judge Doyle W. Argo [Doc. No. 5] entered April 17, 2008 and Petitioner's "appeal" from such Report and Recommendation [Doc. No. 6] and annex for appeal [Doc. No. 7], which the Court treats together as an Objection to the Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation de novo in light of Petitioner's Objection.

Petitioner attempts to bring this case within an exception to Younger v. Harris[1] abstention applicable where a claimant proves "harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction" or "in other extraordinary circumstances where irreparable injury can be shown." Perez v. Ledesma, 401 U.S. 82, 85, 91 S.Ct. 674, 27 L.Ed.2d 701, 705 (1971). See Weitzel v. Department of Commerce of the State of Utah, 240 F.3d 871, 877 (10th Cir. 2007); Amanatullah v. Colorado Board of Medical Examiners, 187 F.3d 1160, 1165 (10th Cir. 1999); Phelps v. Hamilton, 122 F.3d 885, 889 (10th Cir. 1997); Phelps v. Hamilton 59 F.3d 1058, 1066-68 (10th Cir. 1995). However, Petitioner's sworn statements in the

---

[1] 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

"Annex for Appeal of Report and Recommendation" [Doc. 7], the only evidence submitted by Petitioner, do not prove that the prosecutions against Petitioner were brought in bad faith without hope of obtaining valid convictions or irreparable injury to Petitioner.  At best, Petitioner's statements suggest that Enid police have deliberately and/or zealously sought to discover Petitioner engaged in criminal conduct.  But it is the state district court judges assigned to Petitioner's three pending criminal proceedings who set bail.  Petitioner has not demonstrated any bad faith by the state court judges or other extraordinary circumstances and irreparable injury to him which would warrant an exception to abstention and this Court's intervention in the bail decisions in the state court proceedings.[2]

In accordance with the foregoing, the Court concludes that Petitioner has not shown that an exception to <u>Younger</u> abstention applies and therefore ADOPTS the Report and Recommendation of the Magistrate Judge [Doc. No. 5].  The Court abstains from exercising its jurisdiction herein and therefore this case is DISMISSED upon filing.

IT IS SO ORDERED this 8th day of May 2008.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] It is noted that Petitioner has filed motions to reduce bail in all three of the state court proceedings.